IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03254-BNB

JOLEY B. BROWN,

    Applicant,

v.

EXECUTIVE DIRECTOR OF COLORADO DEPARTMENT OF CORRECTIONS,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Joley B. Brown, is in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Center. He filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee.

On December 2, 2013, Magistrate Judge Boyd N. Boland entered an order directing the Respondent to file a preliminary response to the Application to assert the affirmative defense of exhaustion of state court remedies if the government intended to raise the defense. Respondent filed a preliminary response on January 16, 2014, asserting the exhaustion defense. Mr. Brown was afforded an opportunity to file a Reply brief.

The Court must construe liberally Mr. Brown's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the § 2241 Application will be dismissed without prejudice.

## I. Claims Alleged in Federal Application

Mr. Brown purports to assert two grounds for relief in his § 2241 Application. In claim one, he contends that his right to due process was violated when his custody was extended without any additional charges, hearings, or guilty findings that would lengthen his sentence. (ECF No. 1, at 2-3) Applicant maintains that he was sentenced to three years in custody, less time served, "with awards of credited time granted." (*Id.* at 3.) He argues that his time served in constructive custody on house arrest is not reflected in any computation of his mandatory release date and, therefore, he is being held beyond the scope of his original sentence. (*Id.* at 2.) Applicant urges that he exhausted his state remedies for this claim when he petitioned the courts in El Paso and Teller counties and was denied relief. (*Id.* at 3.)

In claim two, Mr. Brown asserts that his due process rights were violated when prison officials denied his requests for the appointment of counsel despite his "Autism or the Alternate Diagnosis of Mental Illness." (*Id.* at 3.) Applicant maintains that he exhausted his state remedies when he petitioned to numerous prison officials as well as an assistant public defender in Colorado Springs, Colorado. (*Id.*)

## II. Exhaustion of State Court Remedies

Respondent contends that this action must be dismissed because Mr. Brown failed to exhaust his state court remedies before filing the federal Application.

A habeas petitioner is generally required to exhaust state remedies before filing a federal application under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351

(1989).  "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Beavers v. Saffle*, 216 F.3d 918, 924 n.3 (10th Cir. 2000) (quotation omitted).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  An application that contains unexhausted claims must be dismissed without prejudice.  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002).

The state court filing information submitted by Respondent reflects that Mr. Brown filed a state habeas corpus action in the El Paso County District Court on November 5, 2013.  (ECF Nos. 12-2, 12-3, 12-4).  On November 10, 2013, the state district court entered an order summarily denying Applicant's request for a writ of habeas corpus.  (ECF No. 12-5).  Mr. Brown did not file an appeal of the district court's order.  (ECF No. 12-1).  There is nothing before the Court to indicate that Applicant presented claim 1 of his federal Application to the state courts in any of his other criminal cases.  (*See* ECF No. 12-1).  Consequently, he has failed to exhaust state court remedies for his first claim.

Applicant's second claim for relief, asserting that prison officials have failed to appoint counsel to represent him, does not raise a federal issue cognizable in this §

2241 proceeding. See 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless– (3) He is in custody in violation of the Constitution or laws or treaties of the United States; . . . "). Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed by Joley B. Brown on November 29, 2013, is DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that all pending motions are DENIED as moot.

Dated: February 25, 2014

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court